JAMES KIDNEY *vs.* WILLIAM RICHARDS.

If a case is submitted in the superior court to a jury under instructions to which no exception is taken, and afterwards in overruling a motion for a new trial the court considers and holds the law applicable to the case to be as ruled at the trial, no ground of exception lies open.

WRIT OF ENTRY to recover a parcel of land in Richmond.

At the trial in the superior court, before *Rockwell,* J., the demandant claimed title to the premises under a deed from Levi Austin to Joseph Kinney, dated August 21st 1844, describing the land by courses and distances, and the only question was as to a narrow strip along the southern line of the land, which the tenant contended was not covered by said deed. It appeared that, at the time when the deed was given, men were called in who set stakes to indicate the southern bounds of the land conveyed. The judge instructed the jury that in construing the deed courses and distances need not be strictly followed, if bounds were established at the time of the sale of the land, and that the deed should be construed to include the whole premises demanded, if by the evidence the location of the bounds could now be clearly ascertained. No exception to this ruling was taken. The jury returned a verdict for the tenant; and the demandant filed a motion for a new trial on the ground that the verdict was against the evidence, the weight of evidence, and the law. The judge, considering and holding the law applicable to the case to be as ruled at the trial, overruled the motion, and the demandant alleged exceptions.

*A. J. Waterman,* for the demandant.

*M. Wilcox,* for the tenant.

GRAY, J. The instructions given to the jury at the trial were,

to say the least, sufficiently favorable to the demandant; he took no exception to them at the trial, and now admits their correctness. He did not ask the court, either at the trial or upon the subsequent hearing, to rule that on the facts stated by the witnesses, if satisfactorily proved, he was entitled to recover. His motion for a new trial was made upon two grounds: 1st, that the verdict was against evidence; 2d, that it was against law. The only point of law which appears to have been ruled upon the hearing of a motion for a new trial was the same previously stated in the instructions to the jury. A rule of law laid down at the trial without exception cannot be excepted to upon a motion for a new trial. The question whether the evidence warranted the verdict is not before us. In short, the demandant shows no error prejudicial to him in the rulings or instructions of the judge in matter of law, and this court cannot upon exceptions revise the finding of the jury or of the presiding judge in the court below on questions of fact.

*Exceptions overruled.*